# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2178 | **DATE** | 4/4/2003 |
| **CASE TITLE** | T&B Tube Company, Inc. Vs. Pegasus Transportation Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Because the viability of T&B's claim depends on such purported transportation broker liability, it is essential that T&B's counsel promptly provide an accurate identification of the source of such claimed liability. T&B is ordered to file in this Court's chambers an appropriate amendment to the Complaint on or before April 18, 2003, together with a brief memorandum citing cases supporting its position, failing which this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 07 2003 | 2 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/4/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
APR 07 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

T & B TUBE COMPANY, INC., an       )
Illinois corporation,              )
                                   )
               Plaintiff,          )
                                   )
     v.                            )   No. 03 C 2178
                                   )
PEGASUS TRANSPORTATION GROUP,      )
INC., a Texas Corporation          )
                                   )
               Defendants.         )

MEMORANDUM ORDER

Pegasus Transportation Group, Inc. ("Pegasus") has filed its Answer to the Complaint brought against it by T & B Tube Company, Inc. ("T & B") under the purported auspices of the Carmack Amendment.[1] This memorandum order is issued sua sponte to address some problems posed by both Pegasus' Answer and T & B's Complaint.

As for Pegasus, its Answer ¶¶2, 3, 5 and 6 border on the absurd. Its counsel are in the habit of concluding each of those paragraphs with a statement that "All other allegations in Paragraph -- of Plaintiff's Complaint are denied," even though what has gone before has dealt fully with the corresponding allegations in the Complaint. Accordingly that quoted sentence is stricken from each of the just-identified paragraphs.

As to T & B, it has mysteriously cited statutory provisions that have nothing to do with its claim. Thus Complaint ¶13 cites

---

[1] All Title 49 provisions will be cited simply "Section -."

to Section 11707, when it appears instead that the statute that T & B really seeks to invoke is Section 14706(a)(1). Even more critically, Complaint ¶14 cites Section 10924(b) and (e) as the basis for extending Carmack Amendment liability to transportation brokers such as Pegasus, but this Court's U.S.C.A. volume (including the 2002 pocket part) contains no such section at all.

Because the viability of T & B's claim depends on such purported transportation broker liability, it is essential that T & B's counsel promptly provide an accurate identification of (and predicate for) the source of such claimed liability. T & B is ordered to file in this Court's chambers (with a copy of course being transmitted to Pegasus' counsel) an appropriate amendment to the Complaint on or before April 18, 2003, together with a <u>brief</u> memorandum citing (but not arguing) cases supporting its position,[2] failing which this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 4, 2003

---

[2]Complaint ¶¶10 and 11 characterize as Pegasus' "agent" the common carrier with which Pegasus made the transportation arrangements on T & B's behalf. That seems to be at odds with the normal concept of an agent as opposed to an independent contractor, and T & B's submission must address that subject as well.